Frank Mattera and Marie Mattera, His Wife, and Chicago Title and Trust Company, as Trustee Under Trust Agreement No. 47238, Plaintiffs-Appellees and Cross-Appellants, v. Village of Bridgeview, a Municipal Corporation, Merrille M. Miller, Village President, George J. Lata, Village Clerk, Joseph Berta, Sr., Richard Ralph, Robert Ferguson, Andrew Russell, John Zelena, and Lewis Talerico, as Trustees of the Village of Bridgeview, Illinois, Defendants-Appellants, and Cross-Appellees.

Gen. No. 52,619.

First District, First Division.

September 15, 1969.

Anthony Scariano and Michael Gubbins, of Chicago Heights, for appellants.

Gierach and Dunn, of Oak Lawn, for appellees.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Plaintiffs, residents and owners of property within the defendant Village of Bridgeview, filed a complaint for a declaratory judgment, seeking as relief that Zoning Ordinance No. 63–1 of the defendant Village be declared invalid as applied to plaintiffs' property. The case was tried without a jury and a decree was issued in favor of the plaintiffs. Defendants now appeal from the decree and from an order denying their motion to modify the decree. Plaintiffs have filed notice of cross-appeal. No questions are raised on the pleadings.

The parcel of land involved in this suit, Lot 229, was annexed to the Village of Bridgeview on January 24, 1957. Since July of 1962, the plaintiffs have owned this real

estate located at the Southwest corner of Harlem Avenue and 83rd Street. The tract consists of two separate but contiguous parcels which were purchased by plaintiffs on August 23, 1961 and July 7, 1962. On these parcels in 1962, the plaintiffs established and conducted a model A Ford and used car sales, service and repair business. The property abuts Harlem Avenue for a distance of approximately 150 feet and 83rd Street for a distance of 283 feet. The most westerly portion of the tract contains a five-room residence in which the plaintiffs live, a portion of which is also occupied by other tenants. In addition to the residential structure, the tract is occupied by a storage shed and three garages which are utilized for plaintiffs' business purposes.

There is a dispute as to when subject property had been zoned R–1; the plaintiffs contend that Ordinance 63–1, Article III, section 4, enacted February 28, 1963, is the correct ordinance creating the R–1 zoning. Defendants contend the property was zoned R–1 on January 24, 1957, the date of its annexation to the Village. On that date there was in force in the Village of Bridgeview, Ordinance No. 48–3, adopted February 24, 1948, section 4–C of which provided that "all areas hereafter annexed to the Village of Bridgeview shall be classified as in the (R–1) District until differently classified by amendment." Following the recommendation of the zoning commission, and after holding public hearings, the Village enacted Ordinance No. 63–1 on February 28, 1963, which repealed Ordinance 48–3. Ordinance 63–1 made no change in the R–1 zoning of plaintiffs' property established by Ordinance 48–3.

In April, 1966, plaintiffs were informed that their property was within the corporate limits of Bridgeview and they thereupon applied for and were issued a Business License by the said Village for the period from May 1, 1966, to April 30, 1967. During the license year, plaintiffs were arrested for operating a business in violation

of the Bridgeview Zoning Code. Plaintiffs petitioned the defendant Village for a B-1 Business Zoning for their entire tract which was subsequently denied. A declaratory judgment action was filed in the Circuit Court of Cook County, and the trial court, after a full hearing and review of the evidence, held for the plaintiffs and incorporated in its decree the following findings of fact:

> "1. That Plaintiffs' entire parcel was used 'for the storage, repair, service and sale of used trucks prior to February 28, 1963, when the Village zoned said property R-1, single family residential.'
>
> "2. That the other three corners of Harlem Avenue (State Route 43) and 83rd Street are being used for commercial purposes and that the abutting property to the South is improved with an Electric Hi-Tension Tower and Line; and that the property abutting the Electric Hi-Tension Line on the South is zoned B-1 Business to a depth of approximately 600 feet and that the abutting corner of Harlem and Route 43 occupied by All State Fence Company is zoned B-1 for a depth of approximately 600 feet and that the abutting property to the North of Plaintiff's property on the West side of Harlem Avenue for a distance of over one mile, is zoned B-1 for commercial and business uses."

The trial court declared the Village Zoning Ordinance unconstitutional as to plaintiffs' parcel of real estate except for the West 83 feet thereof. Plaintiffs stipulated to accept this exception with the understanding that the Village would abide by the Decree. The defendants filed a motion to modify the Decree to restrict B-1 use on the tract to a depth of 150 feet, but such motion was denied. Subsequently, the Village had a change of administration and thereafter filed this appeal to limit the zoning depth

to 150 feet, as other business properties are uniformly restricted to such a depth to protect the residential property, churches and schools. Plaintiffs filed a cross-appeal to modify the decree to provide:

"(a) That Plaintiffs have a valid non-conforming use on their entire tract of real estate, and

"(b) That Defendants' zoning ordinance is unconstitutional, null and void as to Plaintiffs' entire tract of real estate."

The defendants-appellants contend that by operation of Ordinance No. 48–3, the tract of land subsequently purchased by plaintiffs was zoned R–1, and the trial court's findings were incorrect. We agree. The plaintiffs state in paragraph 5 of their complaint for declaratory judgment the following:

"5. That at the time of the acquisition of said real estate Plaintiffs were informed and believed that said real estate was located outside the corporate limits of the Village of Bridgeview; and that unbeknown to Plaintiffs said Defendant Village had passed an Involuntary Annexation Ordinance on January 24, 1957, which purported to annex the real estate herein described and other real estate, a copy of which ordinance is attached hereto as Exhibit C."

Exhibit C, attached and part of the record, reveals that Ordinance No. 57–4 annexed Lot 229 and other lots to the Village of Bridgeview, effective January 24, 1957. Ordinance 63–1 states in Article III, section 4, that "all property hereafter annexed to the Village shall be classified as a Class R–1 district until this classification is changed by amendment to this Ordinance," while Article XII, section 4, repealed the zoning ordinance of February 24, 1948. Therefore, it appears that all property annexed to the

391

Village of Bridgeview was to be classified R–1 until differently classified by amendment, and the tract of land purchased by the plaintiffs was zoned R–1 at the time of purchase and is presently zoned R–1.

■ The determination of the nature of plaintiffs' property is a complex proposition because the tract of land abuts both residential and commercial uses. Harlem Avenue to the North is an area of small business, while to the South its character is mixed. 83rd Street is an exclusively residential area as are the Northwest and Southwest quadrants of land formed by the intersection. The determination of a zoning classification is a legislative rather than a judicial function, and where there is a legitimate difference of opinion concerning the reasonableness of the classification, or where the question of reasonableness is fairly debatable, the courts will not and cannot interfere with legislative judgment, nor carve out and re-zone a portion of a tract of land. Bredberg v. City of Wheaton, 24 Ill2d 612, 182 NE2d 742 (1962). The Decree rendered in this case rezoned a portion of the tract of land in a manner directly contravening the Village's plan to restrict B–1 use on property fronting on Harlem Avenue to a depth of 150 feet and extended a business use into a residential area.

■ In our opinion the trial court erred in entering a Decree granting plaintiffs B–1 use to a depth of 200 feet and in refusing to modify the Decree to restrict B–1 use on the tract to 150 feet. Therefore, Paragraph 2 of Page 2 of the Decree of the trial court is amended as follows:

"That the Zoning Ordinances of the Village of Bridgeview as applied to the following described portion of Plaintiff's real estate, to wit:

"The East 167 feet (except the South 150 feet thereof) of Lot 229 in F. H. Bartlett's First Addition to F. H. Bartlett's 79th Street Acres being a subdivision of the West half of the South East quarter of

Section 31, and the West half of the North West quarter and the West half of the South West quarter of Section 31, Township 38 North, Range 13, East of the Third Principal Meridian, also the East half of the South East quarter of Section 36, Township 38 North, Range 12, East of the Third Principal Meridian, in Cook County, Illinois."

In view of our holding, we find it unnecessary to discuss the cross-appeal and it is, therefore, dismissed.

Decree modified.

MURPHY and BURMAN, JJ., concur.